# EXHIBIT A

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-08481-S3**
**11/24/2021 3:42 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Antonio Hall**

PLAINTIFF

CIVIL ACTION NUMBER: 21-C-08481-S3

VS.

**SAC Wireless, LLC**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Michael J. Warshauer**
**Warshauer Law Group, P.C.; 2740 Bert Adams Road, Atlanta, GA 30339**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **24th** day of **November**, 20**21**.

Tiana P. Garner
Clerk of Superior Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Case 1:21-cv-05241-JPB   Document 1-1   Filed 12/22/21   Page 3 of 11

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-08481-S3**
**11/24/2021 3:42 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| **ANTONIO HALL,** <br><br> Plaintiff, <br><br> v. <br><br> **SAC WIRELESS, LLC,** <br><br> Defendant. | **JURY TRIAL DEMANDED** <br><br> **CIVIL ACTION** <br> **FILE NO.:** _____ <br> 21-C-08481-S3 |

## COMPLAINT FOR DAMAGES

This is a negligence action. Defendant rented a crane for work it was doing on a cell tower. The work was likely to be within ten feet of a power line. Defendant failed to comply with the Georgia High-Voltage Safety Act. Plaintiff, who did not work for Defendant and was not working for its benefit, was walking past the crane when it contacted the power line and he was electrocuted.

## PARTIES

1.

Plaintiff Antonio Hall ("Plaintiff" or "Hall") is a resident of Covington, Newton County, Georgia and a citizen of the state of Georgia.

2.

Defendant SAC Wireless, LLC ("SAC") is a foreign limited liability company with its principal place of business at 300 Airport Rd, Suite 1, Elgin, Illinois 60123. It is a wholly owned subsidiary of Nokia Corporation, a Dutch company.

3.

Defendant SAC may be served with process through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4.

Defendant SAC has an office in Georgia to service Georgia customers, sells its services to Georgia customers for use by Georgia customers in Georgia, and committed a tortious act in Georgia.

5.

Defendant SAC is subject to the jurisdiction of this Court.

6.

Defendant SAC has been duly and appropriately served with summons and complaint as allowed by law.

7.

Venue is proper in this Court because the cause of action originated in this state and in this county and because a portion of the tortious acts and omissions, as well as the injury, occurred in this state and county.

**FACTS**

8.

On August 18, 2020, SAC entered into a daily/weekly short-term service agreement with Maxim Crane Works ("Maxim") to lease a crane for use relating to work on a cell phone tower at the job address of 1676 Juliette Road, Stone Mountain, Gwinnett County, Georgia (the "job site").

9.

At all times relevant to this action, Jamie Houser, Joshua Decesare, James Argo, and Norman Billinton (collectively referred to as "jobsite employees") were employees and agents of SAC and were acting within the scope of that agency.

10.

SAC is liable for the negligence and actions of its jobsite employees by virtue of respondeat superior.

11.

The jobsite employees, as agents and employees of SAC, and SAC were required by Georgia's High-Voltage Safety Act, as the persons responsible for the work at the job site, to contact the Utilities Protection Center at least 72 hours prior to commencing work at the job site so that the power company would know that work was being done within ten feet of a power line.

12.

The jobsite employees, as agents and employees of SAC, and SAC were required by Georgia's High-Voltage Safety Act, as the persons responsible for the work at the job site, to assure that no work was commenced within ten feet of power lines until appropriate arrangements were made with the power company to effectively guard against the danger from accidental contact with the power lines at the job site.

13.

Plaintiff was not under the control, direction, or employment of Defendant at any time relevant to this action and was solely the employee of Maxim.

14.

Plaintiff was not the operator or maintainer of the crane SAC leased from Maxim.

15.

At the time Plaintiff arrived at the job site on August 20, 2020, all of the work being done for SAC by Maxim's employees, including by the crane's operator employed by Maxim, had been completed.

16.

Plaintiff's work at the job site was to assist in preparing the crane after all work for SAC had been completed, so that it could be removed from the job site.

17.

Even if Plaintiff was SAC's statutory employee, SAC had explicitly agreed that any protections that might have been afforded it by Georgia's Worker's Compensation Act did not apply to its relationship with Maxim's employees.

18.

SAC had explicitly agreed that Plaintiff was not its employee and that it had no obligations or protections relating to Plaintiff pursuant to Georgia's Worker's Compensation Act as to Maxim's employees.

19.

SAC and Maxim agreed in their respective contracts and documents that SAC was not responsible for worker's compensation for Maxim's employees. In doing so, SAC waived any protections it might otherwise have had, even if Plaintiff was working for the benefit of SAC at the time of his injury, pursuant to Georgia worker's compensation

statutes.

20.

On August 20, 2020, after the completion of Maxim's contracted work for SAC, Plaintiff Hall was performing his normal and ordinary duties as a ground man, employed by and working for the benefit of Maxim, assisting in the take down of the crane when the crane contacted an energized electrical distribution line.

21.

At the time the crane contacted the distribution line, Plaintiff Hall made incidental contact with one of the outriggers as he walked by it and was severely electrocuted when the current from the electrical distribution line flowed through the crane, through Plaintiff, and then to the ground.

22.

Defendant was aware that if the crane contacted an energized power line, any person on the ground that was in contact with the crane could be seriously injured.

23.

Defendant consciously chose to put expediency ahead of safety by not complying with the Georgia High-Voltage Safety Act.

24.

Because Defendant did not comply with the Georgia High-Voltage Safety Act, the power company had not been told to take steps to minimize the likelihood of electrocution injuries to Plaintiff and others who were working near equipment that was near the power lines.

25.

Because Defendant did not comply with the Georgia High-Voltage Safety Act, the power company did not take steps to minimize the likelihood of electrocution injuries to Plaintiff and others who were working near the power lines and Plaintiff was injured.

26.

Plaintiff Hall was seriously injured and has incurred past and future medical expenses and life care expenses as a result of these injuries through the date of the filing of this action.

27.

In addition to medical expenses, Plaintiff Hall has suffered past and future wage losses through the date of the filing of this action and Plaintiff Hall will suffer additional wage losses in the future.

28.

Plaintiff has also suffered past and future general damages including pain, suffering, lost capacity to work, and disfigurement in the form of scars and the amputation of his left leg.

## COUNT ONE
## (NEGLIGENCE AGAINST DEFENDANT SAC WIRELESS)

29.

Plaintiff realleges and incorporates by reference paragraphs 1-28 of the Complaint as if they were fully restated verbatim herein.

30.

Defendant SAC is liable for the conduct of its employees and agents including

the jobsite employees, who failed to comply with the Georgia High-Voltage Safety Act and were careless in failing to ensure that steps were taken so that work at the job site could be safely done near the power lines.

31.

As a direct and proximate result of Defendant SAC's failure to comply with the Georgia High-Voltage Safety Act imposing strict liability, and as a result of its negligence, Plaintiff Hall was caused to suffer injuries and damages, including medical expenses, lost income and benefits, and mental and physical pain and suffering and disfigurement. These injuries are permanent and, in the future, Plaintiff Hall will suffer medical and other necessary expenses, loss of earning capacity and earnings, loss of capacity to labor, and mental and physical pain and suffering. Plaintiff Hall is entitled to a judgment for these damages in an amount proven at trial.

## COUNT TWO
## (PUNTIVE DAMAGES AGAINST DEFENDANT SAC WIRELESS)

32.

Plaintiff realleges and incorporates by reference paragraphs 1-31 of the Complaint as if they were fully restated verbatim herein.

33.

Defendant did not have in place a practice, policy, or procedure for ensuring compliance with the Georgia High-Voltage Safety Act.

34.

This failure is grossly negligent given the demands of Defendant's work, which requires it and those working at the job site with it to be working near high voltage lines.

35.

Defendant's failure to comply with the Georgia High-Voltage Safety Act exhibited a willful, wanton, callous disregard for human safety and welfare.

36.

As a direct and proximate result of Defendant SAC's willful and wanton failure to comply with the Georgia High-Voltage Safety Act, punitive damages should be imposed against it, and awarded to Plaintiff, in an amount sufficient to both punish and deter similar conduct.

**WHEREFORE**, Plaintiff prays that summons issue, that Defendant be served and made to appear and answer, that a JURY TRIAL be held, and that Plaintiff be awarded judgment in Plaintiff's favor and against Defendant, as follows:

(a)     Under Count One, Plaintiff Hall be awarded special and general damages against Defendants in an amount to be proven at trial;

(b)     Under Count Two, punitive damages be imposed against Defendant and awarded to Plaintiff in an amount sufficient to both punish and deter similar conduct.;

(c)     That the cost of this action be levied against Defendants; and,

(d     That Plaintiff be awarded such other and further relief as this Court deems just and proper.

This 24th day of November, 2021.

*Signature block on next page*


Respectfully submitted,

WARSHAUER LAW GROUP, P.C.

By: */s/Michael J. Warshauer*
Michael J. Warshauer
Georgia Bar No. 018720
Trent Shuping
Georgia Bar No. 159083

2740 Bert Adams Road
Atlanta, GA 30339
P: 404-892-4900
F: 404-892-1020
mjw@warlawgroup.com
tss@warlawgroup.com