Case 1:21-cv-05241-JPB   Document 1-2   Filed 12/22/21   Page 1 of 9

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08481-S3**
**12/21/2021 3:42 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANTONIO HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO. 21-C-08481-S3 |
| SAC WIRLESS, LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant SAC Wireless, LLC respectfully files its Answer and Defenses to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief may be granted.

**SECOND DEFENSE**

Pending further investigation, and to preserve defenses, Defendant states that Plaintiff's accident and alleged damages were caused, in whole or in part, by his own negligence.

**THIRD DEFENSE**

Pending further investigation, and to preserve defenses, Defendant states that the sole proximate cause of the damages alleged in Plaintiff's Complaint were the actions, non-actions, or negligence of a person or persons other than Defendant for whose actions, non-actions, or negligence Defendant is in no way liable.

**FOURTH DEFENSE**

Defendant breached no duty owed to Plaintiff.

## FIFTH DEFENSE

Pending further investigation, and to preserve defenses, no alleged breach of duty by Defendant was the direct or proximate cause of the damages alleged in Plaintiff's Complaint.

## SIXTH DEFENSE

Defendant specifically denies any negligence on its part; however, if Defendant was negligent, the negligence of Plaintiff or others equaled or exceeded that of Defendant.

## SEVENTH DEFENSE

Pending further investigation, and to preserve defenses, Defendant states that Plaintiff assumed the risk of the injuries alleged in his Complaint.

## EIGHTH DEFENSE

Plaintiff has failed to properly plead his alleged special damages pursuant to O.C.G.A. § 9-11-9(g).

## NINTH DEFENSE

Plaintiff's claims are barred by the exclusive remedies provided under the Georgia Workers' Compensation Act, O.C.G.A. § 34-9-1 *et seq*.

## TENTH DEFENSE

Plaintiff's claims are barred pursuant to O.C.G.A. § 34-9-8 since Defendant was a statutory employer at the time of the underlying incident.

## ELEVENTH DEFENSE

Pending further investigation, and to preserve defenses, Defendant asserts that Plaintiff's claims are barred due to the exceptions provided under O.C.G.A. § 46-3-39 (the "High Voltage Safety Act").

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to his failure to properly mitigate his damages, if any.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff failed, in whole or in part, to exhaust all available administrative remedies, and/or otherwise failed to comply with the statutory prerequisites for bringing this action.

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to punitive damages as a matter of law.

**FIFTEENTH DEFENSE**

Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant admits the allegations as pled in Paragraph 1 of the Complaint upon information and belief.

2.

Defendant admits the allegations as pled in Paragraph 2 of the Complaint.

3.

Defendant admits it has acknowledged service in this action.

4.

Defendant admits it conducts business in the State of Georgia.

5.

Defendant admits jurisdiction is proper in this Court.

6.

Defendant admits it has acknowledged service in this action.

7.

Defendant admits venue is proper in this Court.

FACTS

8.

Defendant admits that, prior to the underlying accident, it had agreed to lease a crane from Maxim that was used by Maxim employees relating to work on a cell phone tower at 1676 Juliette Road, Stone Mountain, Georgia. To the extent Paragraph 8 of the Complaint contains or implies any further allegations, the same are denied.

9.

Defendant denies the allegations as pled in Paragraph 9 of the Complaint.

10.

Defendant denies the allegations as pled in Paragraph 10 of the Complaint.

11.

Defendant denies the allegations as pled in Paragraph 11 of the Complaint.

12.

Defendant denies the allegations as pled in Paragraph 12 of the Complaint.

13.

Defendant denies the allegations as pled in Paragraph 13 of the Complaint.

14.

Defendant denies the allegations as pled in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations as pled in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations as pled in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations as pled in Paragraph 17 of the Complaint.

18.

Defendant denies the allegations as pled in Paragraph 18 of the Complaint.

19.

Defendant denies the allegations as pled in Paragraph 19 of the Complaint.

20.

Defendant denies the allegations as pled in Paragraph 20 of the Complaint.

21.

Defendant is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint. To the extent Paragraph 21 contains or implies any allegations of negligence or liability as to Defendant, the same are denied.

22.

Defendant denies the allegations as pled in Paragraph 22 of the Complaint.

23.

Defendant denies the allegations as pled in Paragraph 23 of the Complaint.

24.

Defendant denies the allegations as pled in Paragraph 24 of the Complaint.

25.

Defendant denies the allegations as pled in Paragraph 25 of the Complaint.

26.

Defendant is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint. To the extent Paragraph 26 contains or implies any allegations of negligence or liability as to Defendant, the same are denied.

27.

Defendant is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint. To the extent Paragraph 27 contains or implies any allegations of negligence or liability as to Defendant, the same are denied.

28.

Defendant is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint. To the extent Paragraph 28 contains or implies any allegations of negligence or liability as to Defendant, the same are denied.

<u>COUNT ONE</u>
(NEGLIGENCE AGAINST DEFENDANT SAC WIRELESS)

29.

Defendant incorporates by reference its above responses to Paragraphs 1 through 28 of the Complaint.

30.

Defendant denies the allegations as pled in Paragraph 30 of the Complaint.

31.

Defendant denies the allegations as pled in Paragraph 31 of the Complaint.

COUNT TWO
(PUNITIVE DAMAGES AGAINST DEFENDANT SAC WIRELESS)

32.

Defendant incorporates by reference its above responses to Paragraphs 1 through 31 of the Complaint.

33.

Defendant denies the allegations as pled in Paragraph 33 of the Complaint.

34.

Defendant denies the allegations as pled in Paragraph 34 of the Complaint.

35.

Defendant denies the allegations as pled in Paragraph 35 of the Complaint.

36.

Defendant denies the allegations as pled in Paragraph 36 of the Complaint.

**SIXTEENTH DEFENSE**

Defendant denies all allegations and implications of negligence and liability contained in Plaintiff's prayer for relief.

**SEVENTEENTH DEFENSE**

Any allegations not specifically responded to in this Answer are hereby denied.

**JURY DEMAND**

Defendant hereby demands a trial by a twelve-person jury on all issues so triable.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that the same be dismissed with prejudice, casting all costs upon Plaintiff, and that Defendant have all such further relief as this Court deems just and proper.

Respectfully submitted, this 21st day of December, 2021.

                **DREW ECKL & FARNHAM, LLP**

                */s/ Kyle A. Ference*
                Andrew D. Horowitz
                Georgia Bar No. 367815
                Kyle A. Ference
                Georgia Bar No. 683043
                ***Attorneys for Defendant***

303 Peachtree Street
Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
F: (404) 876-0992
E: HorowitzA@deflaw.com
   FerenceK@deflaw.com

12142687v1
05769-208573

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am counsel for Defendant and that I have this day served a copy of the foregoing *Answer and Defenses* upon all parties to this matter by filing it with the Court's CM/ECF system, which will automatically deliver electronic notification to the following counsel of record:

>Michael J. Warshauer, Esq.
>Trent Shuping, Esq.
>WARSHAUER LAW GROUP, P.C.
>2740 Bert Adams Road
>Atlanta, GA 30339
>mjw@warlawgroup.com
>tss@warlawgroup.com

This 21st day of December, 2021.

>**DREW ECKL & FARNHAM, LLP**
>
>*/s/ Kyle A. Ference*
>Kyle A. Ference
>Georgia Bar No. 683043
>***Attorneys for Defendant***

303 Peachtree Street
Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
F: (404) 876-0992
E: FerenceK@deflaw.com

12142687v1
05769-208573